## CIRCUIT COURT OF FAIRFAX COUNTY

Stanley Martin Communities, Inc.

v.

Thinh Q. Vu et al.

May 9, 1989

Case No. (Chancery) 109345

By JUDGE MICHAEL P. McWEENY

This matter is before the court on the motion of the plaintiff (Stanley Martin Communities, Inc.) demurring to the cross-bill of Thinh Vu and Hong Nguyen. This matter was heard on oral argument on April 21, 1989. It is my opinion that the demurrer should be sustained.

The defendants' cross-bill alleges that there were misrepresentations made by an agent of Stanley Martin Communities, Inc. The agent had allegedly incorrectly represented to Vu and Nguyen that there would be ten feet to eighteen feet of land between the house and the seventy-five foot easement which paralleled their property on which a deck could be built. It is these representations which induced Vu and Nguyen to enter into the contract of sale.

Stanley Martin Communities, Inc., has demurred to the cross-bill on the basis that Vu and Nguyen must elect between remedies; the plaintiff argues that the defendants have already chosen not to perform under the terms and conditions of the contract and so they may not now sue for damages as a result of fraud.

The September 29, 1988, addendum to the home sales contract provides:

> [T]he purchaser agrees to execute any such further assurances or documents that may be required to effect these easements.

The defendants' answer to the bill of complaint admits that the defendants have not executed any documents submitted to them. Based on the language of the contract and the admission of the defendants, it is clear that the defendants have chosen to repudiate the contract and rely upon the fraud of Stanley Martin as a defense to their noncompliance with the terms and conditions of the contract.

The Virginia Supreme Court in *Horner v. Ahern*, 207 Va. 860 (1967), set forth the general rule in cases such as the one at issue:

> [o]ne complaining of fraud and deceit may either rescind what was done as a result thereof or affirm the action taken and sue for damages.

*Id.* at 867.

Furthermore, the U.S. District Court in *U.S. v. Idlewild Pharmacy, Inc.*, 308 F. Supp. 19 (E.D. Va. 1969), has stated that:

> [A] party may repudiate the contract, and rely when sued, on the fraud as a complete defense or he may elect to retain what he has received under the contract, and bring an action to recover damages for the injuries he has sustained from the deceit.

*Id.* at 22.

As noted, it is clear in light of the contract language and the admission of the defendants that the defendants have chosen to repudiate the contract. The case law dictates that because this choice has been made the defendants may not now sue for damages incurred as a result of the fraud. Based on the above discussion the demurrer is sustained.